Carolyn H. Cottrell (SBN 166977)
Caroline N. Cohen (SBN 278154)
Philippe M. Gaudard (SBN 331744)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

PEDRO MERAZ-VALENCIA, on behalf of himself and the putative Class members;

     Plaintiff,

vs.

BORAL ROOFING, LLC, WESTLAKE ROYAL ROOFING, LLC, BORAL INDUSTRIES, INC., ROYAL BUILDING PRODUCTS (USA), INC., WESTLAKE CHEMICAL CORPORATION and DOES 1-100, inclusive;

    Defendants,

Case No.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**

(1) Failure to Pay Minimum Wages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, 1197.1 and 1198);
(2) Failure to Pay Overtime Wages (Labor Code § 510);
(3) Failure to Authorize and Permit and/or Make Available Meal Periods (Labor Code §§ 226.7 and 512);
(4) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code § 226, 226.3 and 226.6);
(5) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1.    Plaintiff Pedro Meraz-Valencia ("Plaintiff") brings this action on behalf of himself and other similarly situated individuals against Boral Roofing, LLC ("Boral Roofing"), Westlake Royal Roofing, LLC ("Westlake Royal"), Boral Industries, Inc. ("Boral Industries"), Royal Building Products (USA), Inc. ("Royal Building") and Westlake Chemical Corporation ("Westlake Chemical") (collectively "Defendants") for violations of California wage and hour laws.

2.    This action stems from Defendants' policies and practices of: (1) failing to pay Plaintiff and putative Class members minimum wage for all hours worked; (2) failing to pay Plaintiff and putative Class members overtime wages; (3) failing to provide or make available to Plaintiff and putative class members the meal breaks to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (4) failing to provide Plaintiff and putative Class members with accurate itemized wage statements; and (5) and engaging in unfair business practices.

3.    Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

## PARTIES

1.    Plaintiff Pedro Meraz-Valencia is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

2.    Plaintiff was employed by Defendants for various projects as a helper from October 1, 2018, to July 12, 2021. Plaintiff worked for Defendants in Lathrop, California.

3.    Plaintiff is informed, believes, and thereon alleges that Boral Roofing is a Delaware corporation headquartered in Irvine, California. Boral Roofing is registered to do business in California, does business in California and employs

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

and/or employed hourly, non-exempt employees, including Plaintiff and putative Class members in California. Boral Roofing may be served with process by serving its registered agent, National Registered Agents, Inc., 330 N Brand Blvd, Ste 700, Glendale, California, 91203.

4.    Plaintiff is informed, believes, and thereon alleges that Westlake Royal is a Delaware corporation headquartered in Irvine, California. Westlake Royal is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and the putative Class members in California. Westlake Royal may be served with process by serving its registered agent, National Registered Agents, Inc., 330 N Brand Blvd, Ste 700, Glendale, California 91203.

5.    Plaintiff is informed, believes, and thereon alleges that Boral Industries is a California Corporation headquartered in Roswell, Georgia. Boral Industries is registered to do business in California, does business in California, and employs and/or employed hourly, non-exempt employees, including Plaintiff and putative Class members in California. Boral Industries may be served with process by serving its registered agent, National Registered Agents, Inc., 330 N Brand Blvd, Ste 700, Glendale, California 91203.

6.    Plaintiff is informed, believes, and thereon alleges that Royal Building is a Delaware Corporation headquartered in Houston, Texas. Royal Building is registered to do business in California, does business in California, and employs and/or employed hourly, non-exempt employees, including Plaintiff and putative Class members in California. Royal Building may be served with process by serving its registered agent, C T Corporation System, 330 N Brand Blvd, Ste 700, Glendale, California 91203.

7.    Plaintiff is informed, believes, and thereon alleges that Westlake Chemical is a Delaware Corporation headquartered in Houston, Texas. Westlake

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

Chemical does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and putative Class members in California. Westlake Chemical may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St, Ste 900, Dallas, TX 75201. Defendants employ and/or employed Plaintiff and putative Class members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and putative Class members.

8.    Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omission alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

9.    Plaintiff is informed, believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

10.    At all relevant times, Defendants, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.    Plaintiff is informed, believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

12.    At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

1    and have employed putative Class members in this District and elsewhere throughout
2    California. Defendants are "persons" as defined in Labor Code § 18 and an
3    "employer" as that term is used in the Labor Code, the IWC Wage Orders regulating
4    wages, hours, and working conditions, and the California Business and Professions
5    Code § 17201.

6                          **JURISDICTION AND VENUE**

7         13.    This Court has original federal jurisdiction under 28 U.S.C. § 1332.
8    Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in
9    controversy is between citizens of different States. This Court has supplemental
10   jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a)
11   because they are so related to this action that they form part of the same case or
12   controversy.

13        14.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).
14   Plaintiff was employed in this District and the claims asserted arose in this District.
15   At all material times Defendants have been actively conducting business in the State
16   of California and within the geographic area encompassing the Northern District of
17   the State of California.

18                          **FACTUAL ALLEGATIONS**

19        15.    Boral Roofing is a nationwide manufacturer of clay and concrete roof
20   tiles. On October 29, 2021, Boral Roofing amended its name to Westlake Royal
21   Roofing, LLC. This name change was filed with the California Secretary of State on
22   February 24, 2022. On information and belief, the company previously named Boral
23   Roofing and now named Westlake Royal Roofing, LLC operates twelve clay and
24   concrete tile manufacturing plants throughout the United States and Canada. Boral
25   Roofing listed job openings in four California locations, among them Lathrop, Rialto,
26   French Camp, and Irvine.  Plaintiff is informed, believes, and thereon alleges that
27   Boral Roofing employed hundreds of hourly, non-exempt workers similarly situated
28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical
Corporation, Royal Building Products (USA), Inc.*

to Plaintiff in California.

16.    Westlake Royal is a nationwide manufacturer of clay and concrete roof tiles. Westlake Chemical acquired Boral Roofing from Boral Limited by purchasing Boral Roofing from Boral Limited's subsidiary, Boral Industries. Westlake Chemical used its own subsidiary Royal Building to complete the acquisition which became effective on October 1, 2021. Boral Roofing maintained its name until October 29, 2021. On October 29, 2021, Boral Roofing amended its name to Westlake Royal Roofing, LLC. This name change was filed with the California Secretary of State on February 24, 2022. On information and belief, Westlake Royal continues to operate Boral Roofing's twelve clay and concrete tile manufacturing plants throughout the United States and Canada. Westlake Royal continues to operate Boral Roofing's four California locations in Lathrop, Rialto, Irvine, and French Camp. Plaintiff is informed, believes, and thereon alleges that Westlake Royal employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

17.    Boral Industries manufactures and supplies cladding, roof tiles, windows, and other building products for residential and commercial markets. Boral Industries is a subsidiary of Boral Limited. Boral Limited is an international building and construction materials group headquartered in Australia. Boral Industries sold Boral Roofing on behalf of its parent company Boral Limited to Royal Building as a subsidiary of Westlake Chemical. While Boral Industries owned Boral Roofing, Boral Roofing's products and open jobs were featured on the Boral Industries's website. Plaintiff is informed, believes, and thereon alleges that Boral Industries employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

18.    Royal Building is a manufacturer of exterior and interior building products, including siding and accessories, trim and moldings, roofing, stone, windows, and outdoor living. Royal Building acquired Boral Roofing, on behalf of

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

its parent company, Westlake Chemical, from Boral Industries as a subsidiary of Boral Limited. Plaintiff is informed, believes, and thereon alleges that Royal Building employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

19.    Westlake Chemical is a global manufacturer and supplier of materials and innovative products. On information and belief, Westlake Chemical has approximately 14,700 employees worldwide. Westlake Chemical acquired Boral Roofing through its subsidiary, Royal Building, from Boral Limited through its subsidiary Boral Industries. Plaintiff is informed, believes, and thereon alleges that Westlake Chemicals employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

20.    Plaintiff worked for Defendants as a helper in Lathrop, California from October 1, 2018, to July 12, 2021. Plaintiff was classified as an hourly, non-exempt employee and was paid an hourly rate that ranged from $16.00 to $19.00.

21.    Plaintiff is informed, believes, and thereon alleges that Defendants employ and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California, including but not limited to helper, production worker, stacker, sheet loader, bander, unloader, middleman, samples, oxides, hand specials, machine operator, water treatment, sorter, strapping machine, forklift operator, customer service representative, assistant plant manager, production specialist, electrician, and other employees with similar job duties.

22.    Although Plaintiff's shifts varied in length, Plaintiff usually worked between eight (8) to eleven (11) hours or more per shift, five (5) shifts per week, or at times, six (6) shifts per week. Plaintiff's weekly hours varied, but on average, Plaintiff worked approximately forty (40) to fifty-five (55) hours per week, or more. Such time is exclusive of all time worked off-the-clock, as alleged herein.

23.    Defendants routinely require Plaintiff and putative Class members to

perform work off-the-clock and without compensation. This includes but is not limited to Defendants requiring Plaintiff and putative Class members to wait in line, to go through temperature checks and to answer COVID-19 screening questions prior to clocking in for the start of their shift. It takes Plaintiff and putative Class members at least one minute and often longer to go through the line, to undergo such temperature checks, and to answer the COVID-19 screening questions *before* the beginning of each shift. This time spent in temperature check lines, undergoing temperature checks, and answering COVID-19 screening questions goes unrecorded and therefore uncompensated.

24.    As a result of these policies and/or practices, Plaintiff and putative Class members are denied compensation for overtime, which they are lawfully owed resulting from the off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

25.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these "temperature check" and "COVID-19 screening" protocols, policies, and practices across all Defendants' facilities throughout California.

26.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize the same or substantially similar timekeeping mechanisms throughout all its facilities in California.

27.    In addition to the above, Defendants regularly fail to provide Plaintiff and putative Class members with compliant meal breaks. Defendants' policies, practices, and procedures require Plaintiff and putative Class members to routinely skip their meal breaks, yet do not provide them with requisite premium payments for missed meal breaks. In the rare occasions when premium payments are made, such are not paid at Plaintiff's and Class members' regular rate of pay.

28.    Plaintiff and putative Class members are routinely denied legally compliant meal breaks for at least two reasons: (i) Defendants do not provide or make

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

available timely meal breaks to Plaintiff and putative Class members; and (ii) Defendants are understaffed therefore Plaintiff and putative Class members must skip meal breaks since there is no one to relieve them of their post.

29.    When Plaintiff and putative Class members do attempt to take a meal break, such meal breaks are untimely and/or shortened. As a result, Plaintiff and Class members are not provided duty-free, uninterrupted, and timely thirty-minute meal periods during which they should be completely relieved of any duty.

30.    For each day Plaintiff and putative Class members work shifts of more than ten hours, Defendants systematically deny Plaintiff and putative Class members a second meal break. Similarly, Plaintiff and putative Class members do not receive the requisite premium payments for these missed second meal breaks.

31.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these meal break policies and practices across all Defendants' facilities throughout California.

32.    Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain accurate records of the hours worked by Plaintiff and putative Class members.

33.    As a result of the aforementioned violations, Plaintiff and putative Class members are provided with untrue and inaccurate wage statements as such statements do not include payment for all hours worked, including minimum wages and overtime.

34.    Putative Class members are employed by Defendants and performed work materially similar to Plaintiff.

35.    On information and belief, putative Class members report to facilities owned, operated, or managed by Defendants to perform their jobs.

36.    On information and belief, putative Class members perform their jobs under Defendants' supervision using materials and technology approved and supplied

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

by Defendants.

37.    On information and belief, putative Class members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

38.    On information and belief, at the end of each pay period, putative Class members receive wages from Defendants that are determined by common systems and methods that Defendants selects and controls.

39.    On information and belief, Defendants pay putative Class members on an hourly rate basis.

40.    On information and belief, Defendants' method of paying Plaintiff and putative Class members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

41.    On information and belief, Defendants' unlawful conduct has been widespread, repeated, and consistent throughout Defendants' California facilities.

42.    Defendants know or should know that its policies and practices are unlawful and unfair.

43.    Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## <u>RULE 23 CLASS ACTION ALLEGATIONS</u>

44.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

45.    Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  The putative Class that Plaintiff seeks to represent is defined as follows:

**All current and former hourly, non-exempt employees of Boral Roofing, LLC, Westlake Royal Roofing, LLC,**

Boral Industries, Inc., **Royal Building Products (USA), Inc., and Westlake Chemical Corporation** throughout **California during the time period starting four years prior to the filing of this Complaint until the resolution of this action ("the putative Class") excluding any individual who previously released the claims alleged in this Complaint for the time period April 19, 2014 to December 10, 2019 by virtue of the settlement reached in** *Ricardo Vergel De Dios v. Gerard Roof Products, LLC; Boral Roofing, LLC; Boral Industries, Inc.; Headwaters Incorporated; Metrotile Manufacturing, LLC*; **Case Number 5:18-cv-01163-SJO-FFM.**

46. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the putative class is ascertainable.

   a. **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

   b. **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

      i. Whether Defendants fail to compensate putative Class members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Order 16;

      ii. Whether Defendants have a policy and/or practice of requiring

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

putative Class members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii.   Whether Defendants fail to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Order 16;

iv.   Whether Defendants violate Business and Professions Code §§ 17200 *et seq.*, by:

(a) failing to compensate putative Class members for all hours worked, including at minimum wages and overtime compensation;

(b) failing to provide putative Class members with timely, accurate itemized wage statements; and

v.   The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class as alleged herein.

c.   **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.   **Adequacy of Representation**: Plaintiff is a member of the putative Class, does not have any conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

1      the Class members.

2      e.    **Superiority of Class Action**: A class action is superior to other available

3            means for the fair and efficient adjudication of this controversy.

4            Individual joinder of all putative Class members is not practicable, and

5            questions of law and fact common to the putative Class predominate over

6            any questions affecting only individual members of the putative Class.

7            Each putative Class member has been damaged and is entitled to

8            recovery by reason of Defendants' illegal policies and/or practices. Class

9            action treatment will allow those similarly situated persons to litigate

10           their claims in the manner that is most efficient and economical for the

11           parties and the judicial system.

12     47.   The putative Class may also be certified because the prosecution of

13     separate actions by the individual members of the putative Class would create a risk

14     of inconsistent or varying adjudication with respect to individual members of the

15     putative Class, and, in turn, would establish incompatible standards of conduct for

16     Defendants.

17     48.   If each individual putative Class member were required to file an

18     individual lawsuit, Defendants would necessarily gain an unconscionable advantage

19     because Defendants would be able to exploit and overwhelm the limited resources of

20     each member of the putative Class with Defendants' vastly superior financial legal

21     resources.

22     49.   Requiring each individual putative Class member to pursue an individual

23     remedy would also discourage the assertion of lawful claims by the putative Class

24     members who would be disinclined to pursue these claims against Defendants

25     because of an appreciable and justifiable fear of retaliation and permanent damage to

26     their lives, careers, and well-being.

27     50.   Plaintiff also seeks certification of the putative Class to the extent

28

applicable under Federal Rule of Civil Procedure 23(b)(2) on the grounds that the party opposing the putative Class has acted or refused to act on grounds that apply generally to the putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the putative Class as a whole.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages**
**Pursuant to California Labor Code §§ 1182.12, 1194, 1197, 1197.1 and 1198**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

51.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

52.    During the applicable statutory period, California Labor Code §§, 1182.12 and 1197, and the IWC Wage Order No. 16-2001 (4) were in full force and effect, and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis,; at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; and at the rate of fourteen dollars ($14.00) commencing January 1, 2021.

53.    Labor Code § 1197.1 provides, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to

an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

54.   California Labor Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

55.   IWC Wage Order 16-2001(2)(J) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

56.   Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

57.   Labor Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

58.   Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours

14

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

worked or spent in Defendants' control. Defendants require Plaintiff and putative Class members to work off-the-clock without compensation. In other words, Plaintiff and putative Class members are forced to perform work for the benefit of Defendants without pay.

59.    Defendants regularly require Plaintiff and the putative Class members to complete work off-the-clock, without compensation. For instance, and as mentioned above, Defendants instruct Plaintiff and putative Class members to wait in line, go through temperature checks, answer COVID-19 screening questions *before* the beginning of each shift, *i.e.*, before clocking in. Additionally, Defendants require Plaintiff and putative Class members to wait in line in order to clock back in upon returning from their meal breaks. It takes Plaintiff and putative Class members at least one minute and often longer to go through the temperature check line, undergo such temperature check, and answer the COVID-19 screening questions before their shift starts. Defendants do not compensate Plaintiff and putative Class members for their time spent in temperature check lines, undergoing temperature checks, and answering COVID-19-related questions.

60.    As a result, Defendants fail to track Plaintiff and putative Class members' actual hours worked, and consequently fails to pay Plaintiff and putative Class members for all hours worked.  In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and putative Class members with compensation for all time worked

61.    Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and putative Class members' rights. Plaintiff and putative Class members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

62.    Defendants have maintained policies and procedures which create a

working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.

63.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

64.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages**
**Pursuant to Labor Code § 510**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

65.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

66.    Defendants do not compensate Plaintiff and putative Class members with the appropriate overtime rate, as required by California law.

67.    Labor Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

68.    The IWC Wage Order 16-2001(3)(A)(1) state:

> The    following    overtime    provisions    are    applicable    …

employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

69.    Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

70.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

71.    Defendants regularly do not compensate Plaintiff and putative Class members for their overtime hours. For instance, Plaintiff and putative Class members do not receive overtime compensation for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questions, and waiting in line to clock back in upon returning from their meal breaks, when the

hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

72.    Plaintiff and putative Class members work overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Order, and other applicable law.

73.    Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and putative Class members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and putative Class members in amounts to be determined according to proof at time of trial.

74.    Defendants are liable to Plaintiff and putative Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

75.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

**Failure to Provide or Make Available Meal Periods
Pursuant to Labor Code §§ 226.7 and 512
(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

76.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

77.    Defendants routinely fail to provide or make available complaint meal periods to Plaintiff and putative Class members.

78.    Plaintiff's and Class members' schedules regularly prevent them from taking second meal periods. Plaintiff and Class members do not receive the requisite premium pay for their missed second meal breaks as required by California law.

79.    Labor Code §§ 226.7 and 512 and the applicable Wage Order require Defendants to provide or make available meal periods to its employees.  Labor Code

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

§§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes.

80.    Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Order 16-2001(10)(D).

81.    Under Labor Code § 226.7(b) and the applicable Wage Order, an employer who fails to provide or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided or made available.

82.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide or make available to Plaintiff and putative Class members the ability to take the off-duty meal periods to which they are entitled.

83.    Defendants have also failed to pay Plaintiff and putative Class members one (1) hour of pay for each day an off-duty meal period was denied.  Defendants' conduct described herein violates Labor Code §§ 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and putative Class members are entitled to compensation for the failure to provide or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

84.    As a proximate result of the aforementioned violations, Plaintiff and putative Class members have been damaged in an amount according to proof at time of trial.

85.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code §§ 226, 226.3 and 226.6**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

86.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.    Defendants do not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

88.    Labor Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

State of California.

89.    The IWC Wage Orders also establishes this requirement.   (See IWC Wage Order 16-2001(6).

90.    Labor Code § 226.3 provides, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

91.    Labor Code  226.6 provides, in relevant part:

> Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.

92.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

93.    Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Order.  The wage statements Defendants provide their employees,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

including Plaintiff and putative Class members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime, as a result of the failure to pay for time worked off-the-clock and the resulting violations described herein.

94.    Defendants are liable to Plaintiff and the putative Class members for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

95.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **FIFTH CAUSE OF ACTION**
### **Violation of California Business and Professions Code §§ 17200 *et seq.***
### **(On Behalf of Plaintiff and Putative Class Against All Defendants)**

96.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

97.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

98.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

99.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

100.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of

unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.  violations of Labor Code §§ 225.5, 1182.12, 1194, 1997, 1197.1, 1198 and IWC Wage Order 16-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

    b.  violations of Labor Code § 510 and IWC Wage Order 16-2001 pertaining to overtime; and

    c.  violations of Labor Code §§ 226, 226.3 and 226.6 regarding accurate, timely itemized wage statements.

101.  The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

102.  The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the putative Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

103.  Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

104.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class members have suffered a loss of money and property, in

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

the form of unpaid wages, which are due and payable.

105. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and putative Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

106. Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

107. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

108. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.   Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

b.   For a declaratory judgment that Defendants have violated the California Labor Code, California law, and public policy as alleged herein;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

c.    For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code;

d.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f.    For an order awarding Plaintiff and putative Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, treble damages, punitive damages, and all other sums of money owed to Plaintiff and putative Class members, together with interest on these amounts, according to proof;

g.    For an award of reasonable attorneys' fees as provided by the California Labor Code, including California Code of Civil Procedure § 1021.5 and/or other applicable law;

h.    For all costs of suit;

i.    For interest as provided by applicable law; and

j.    For such other and further relief as this Court deems just and proper.


Dated: March 14, 2022                    Respectfully submitted,

Carolyn H. Cottrell
Caroline N. Cohen
Philippe M. Gaudard

---

25

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.


Dated: March 14, 2022          Respectfully submitted,


_____
Carolyn H. Cottrell
Caroline N. Cohen
Philippe M. Gaudard
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Meraz-Valencia v. Boral Roofing, LLC, Westlake Royal Roofing, LLC, Boral Industries, Inc., Westlake Chemical Corporation, Royal Building Products (USA), Inc.*