UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MERAZ-VALENCIA,<br><br>Plaintiff,<br><br>v.<br><br>WESTLAKE ROYAL ROOFING, LLC,<br><br>Defendant. | No. 2:22-cv-00491-DAD-AC<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

On May 5, 2022, plaintiff filed his operative first amended complaint ("FAC") against defendant Westlake Royal Roofing, LLC.[1] (Doc. No. 13.) As explained below, plaintiff must provide additional information in order for the court to determine it has subject matter jurisdiction over this case or if the case should be dismissed.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*,

---

[1] Defendant filed a motion to dismiss the FAC on June 20, 2022 (Doc. No. 17) and the court has specially set that pending motion for hearing on December 8, 2022 (Doc. No. 31).

1

562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted). Federal diversity jurisdiction requires that all parties to the action be "citizens of different states" or "citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For example, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Id.* By contrast, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.* "Additionally, where the district court has doubts about whether diversity exists, the district court may 'insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify [its] allegations by a preponderance of evidence.'" *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992)).

The court has reviewed the FAC wherein plaintiff asserts that this court has subject matter jurisdiction over his claims based solely on diversity jurisdiction. However, as alleged in the FAC, plaintiff was a "resident of the State of California" (not a citizen of California) and defendant "Westlake is a Delaware corporation headquartered in Irvine, California." (Doc. No. 13 at ¶¶ 4, 6, 9); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that alleging a party "resides" in a state without alleging that he or she is a citizen thereof are insufficient to allege the citizenship of that party and are thus fatal to establishing diversity jurisdiction). At the same time, defendant appears to be an LLC, not a corporation, and there are no allegations in plaintiff's FAC suggesting that any of defendant Westlake Royal Roofing, LLC's owners/members are diverse from plaintiff (assuming plaintiff is in fact a citizen of California). Thus, the  subject matter jurisdiction allegations in plaintiff's FAC are facially deficient.

/////

Accordingly, due to the apparent deficiencies in plaintiff's jurisdictional allegations, **plaintiff is ordered to show cause within ten (10) days of the date of entry of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.** Plaintiff may respond to this order to show cause by providing sufficient information indicating the full citizenship of plaintiff and defendant's members/owners (or, if defendant is a corporation, defendant's state of incorporation and principal place of business) and that the parties in this action are truly diverse. Moreover, although plaintiff does not allege the Class Action Fairness Act ("CAFA") as a basis for subject matter jurisdiction, the court may have subject jurisdiction on that basis, depending on the amount in controversy and if minimal diversity can be shown. 28 U.S.C. § 1332(d)(2). Thus, in the alternative, plaintiff may also respond to this order to show cause by showing that this court has subject matter jurisdiction over this action under CAFA—specifically, that there is over $5 million in controversy and that any plaintiff has diversity of citizenship from any defendant. *Id.* In the event plaintiff is unable to allege federal subject matter jurisdiction or fails to respond to this order to show cause, plaintiff and his counsel are advised that the FAC will be dismissed.

IT IS SO ORDERED.

Dated:   **November 17, 2022**                    /s/ Dale A. Drozd
                                                  UNITED STATES DISTRICT JUDGE