UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MERAZ-VALENCIA, on behalf of himself and the putative Class Members,<br><br>Plaintiff,<br><br>v.<br><br>WESTLAKE ROYAL ROOFING, LLC; and DOES 1–100, inclusive,<br><br>Defendants. | No. 2:22-cv-00491-DAD-AC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 46) |

The matter is before the court on a motion to dismiss filed by defendant Westlake Royal Roofing, LLC ("Westlake") on February 2, 2023 pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. No. 46.) On March 14, 2023, defendant's motion was taken under submission on the papers. (Doc. No. 49.) For the reasons explained below, the court will grant in part and deny in part defendant's motion.

/////

/////

---

[1] Although defendant styles the pending motion as one to dismiss "and/or" strike, it does not appear that defendant seeks to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rather, the motion seeks to dismiss each of plaintiff's claims for failure to allege sufficient facts to support a cognizable legal theory or for failure to assert a cognizable legal theory. (Doc. No. 46 at 7–8.) Accordingly, the court will treat defendant's motion as one seeking dismissal pursuant to Rule 12(b)(6).

1

**BACKGROUND**

On January 13, 2023, plaintiff Pedro Meraz-Valencia filed the operative second amended complaint ("SAC") in this putative wage-and-hour class action against his former employer, defendant Westlake. (Doc. Nos. 43, 44.) This court previously dismissed plaintiff's first amended complaint ("FAC") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) but granted plaintiff leave to file the SAC in an oral ruling issued on December 8, 2022. (Doc. No. 38.) In addition, in its December 8, 2022 oral ruling, the court granted defendant's motion to strike various remedies requested in the FAC.[2] (Doc. No. 38.)

In his SAC, plaintiff alleges that he was employed by defendant as a helper for various projects from October 1, 2018 to July 12, 2021 in Lathrop, California and was classified as an hourly, non-exempt employee who was paid hourly rates that ranged from $16.00 to $19.00. (Doc. No. 41-1 at ¶ 10.) Plaintiff further alleges that defendant is a nationwide manufacturer of clay and concrete roof tiles with four manufacturing plants in California employing hundreds of hourly, non-exempt workers similarly situated to plaintiff. (*Id.* at ¶ 9.) Plaintiff alleges that he suffered various wage-and-hour violations under California's Labor Code when plaintiff and putative class members were required "to wait in line, to go through temperature checks and to answer COVID-19 screening questions prior to clocking in for the start of their shift." (*Id.* at ¶ 13.) In addition to not being compensated for time spent undergoing COVID-19 screening procedures, plaintiff alleges he missed meal breaks due to "understaffing" and "work requirements." (*Id.* at ¶ 18.) Based on defendant's alleged failure to pay for time worked off-the-clock or premiums for missed meal breaks, plaintiff alleges that he and putative class members were issued inaccurate wage statements and were not paid all wages due upon their termination. (*Id.* at ¶¶ 21–22.)

Based on these allegations, plaintiff asserts in the SAC the following claims on behalf of himself and putative class members: (1) failure to pay minimum wages in violation of California Labor Code §§ 1182.11, 1182.12, 1194, 1197, 1197.1, and 1198; (2) failure to pay overtime

---

[2] The FAC was filed pursuant to a stipulation of the parties. (Doc. Nos. 12, 13.)

wages in violation of California Labor Code § 510; (3) failure to provide and/or make available a second meal break in violation of California Labor Code §§ 226.7 and 512; (4) failure to provide timely and accurate itemized wage statements in violation of California Labor Code §§ 226, 226.3, and 226.6; (5) waiting time penalties in violation of California Labor Code §§ 201–203; and (6) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, predicated on plaintiff's California Labor Code violations.

On February 2, 2023, defendant filed the pending motion, seeking dismissal only of plaintiff's third, fourth, fifth, and sixth causes of action. (Doc. No. 46.) Plaintiff filed an opposition to the pending motion on February 16, 2023 (Doc. No. 47), and defendant filed its reply thereto on February 27, 2023 (Doc. No. 48).

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), *abrogated on other grounds by DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019).

/////

3

**ANALYSIS**

**A.     Whether Plaintiff Has Sufficiently Alleged His Meal Break Claim**

With respect to plaintiff's third cause of action, he alleges that defendant failed to provide or make available second meal breaks and did not provide premium pay when those second meal breaks were missed.  (Doc. No. 41-1 at 19.)  Defendant moves to dismiss this claim, contending that plaintiff has not alleged sufficient factual allegations to plausibly state an entitlement to relief.  (Doc. No. 46 at 12–18.)

California law requires an employer to provide its non-exempt employees with a thirty-minute meal period for every five hours of work.  *See* Cal. Labor Code §§ 226.7, 512.  To be a compliant meal break under California law, "an employer must relieve the employee of all duty for the designated period but need not ensure that the employee does no work."  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034 (2012).  "The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so."  *Id.* at 1040–41.

To successfully state such a meal break claim, a plaintiff must allege facts demonstrating that there was at least one instance where plaintiff was deprived of a meal break, "or any other facts that will permit the court to find plausibility."  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645–46 (9th Cir. 2014), *as amended* (Jan. 26, 2015).[3]  "Typically, courts have found such a claim sufficiently pled so long as the plaintiff has alleged facts supporting a plausible inference, rather than merely alleging a bare violation of the statute or parroting the statutory language."  *Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO, 2019 WL 2918061, at *3 (E.D. Cal. July

---

[3]  Although *Landers* involved minimum wage and overtime claims asserted under the Fair Labor Standards Act, the pleading standard articulated therein has been applied to pleadings involving California Labor Code violations, including meal and rest break claims.  *See Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) (applying *Landers* to a rest break claim asserted under California law); *Flores v. Marriott Resorts Hosp. Corp.*, No. 18-cv-08012-JVS-JPR, 2019 WL 6792799, at *3 (C.D. Cal. Sept. 23, 2019) ("Many district courts have concluded that the requirement under *Landers* to identify a given week in which a violation occurred applies equally to meal break claims.") (collecting cases).

8, 2019) (acknowledging that "[s]ince the decision in *Landers*, district courts in California have varied somewhat in their determination of precisely what allegations are sufficient to state such a claim") (collecting cases); *see also Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) ("*Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime [or other Labor Code violation]; instead, the allegations need only give rise to a plausible inference that there was such an instance.") (citing *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015)[4] (reversing the district court's dismissal and finding that allegations that "identified tasks for which [plaintiff] was not paid and alleged that [plaintiff] regularly worked more than eight hours in a day and forty hours in a week" were sufficient to comply with *Landers* )).

In the SAC, plaintiff alleges that he and putative class members "are systematically denied legally compliant second meal breaks" for three reasons: (i) "Defendant does not provide or make available timely second meal breaks to Plaintiff and putative Class members"; (ii) "Defendant is understaffed therefore Plaintiff and putative Class Members must skip second meal breaks since there is no one to relieve them of their post"; and (iii) "Defendant imposes work requirements that prevent Plaintiff and putative Class Members from taking second meal periods because employees must work through such breaks to complete their work." (Doc. No. 44-1 at ¶¶ 18, 66.) In addition, plaintiff alleges that "during the week of December 19, 2020, . . . [he] worked at least one shift lasting longer than 10 hours and did not receive a compliant second meal break and did not receive requisite premium pay for such missed second meal break." (*Id.*)

After dismissal of the FAC, plaintiff added new allegations to the SAC. Specifically, plaintiff added the allegations regarding the third reason plaintiff's meal breaks were not provided and the reference to working "at least one shift" during the week of December 19, 2020 where he was entitled to a second meal break but did not receive that break or premium pay. (*Compare* Doc. No. 13 at ¶¶ 19–21 *with* Doc. No. 44-1 at ¶¶ 17–18.) Notwithstanding these additions to the SAC, the court finds that most of plaintiff's allegations with respect to meal breaks remain

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5

conclusory in nature. The only allegations in the SAC with respect to meal breaks that are not clearly conclusory are those comprising plaintiff's description that defendant was "understaffed" such that "there is no one to relieve [plaintiff or putative class members] of their post" and that defendant "imposes work requirements that prevent" plaintiff and putative class members from taking a second meal break "because employees must work through such breaks to complete their work." Thus, the question before the court is whether these allegations accepted as true "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

The court concludes that the allegations of the SAC do not plausibly give rise to an entitlement to relief with respect to plaintiff's meal break claim.[5] As an initial matter, plaintiff's vague reference to "work requirements" that "prevent[ed]" him from taking meal breaks is a borderline legal conclusion couched as a factual allegation that is so generic it could apply to any employee in any industry. *See Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) ("While we do accept all of the *factual* allegations in the complaint as true . . . we do not accept *legal conclusions* in the complaint as true, even if 'cast in the form of factual allegations.'") (citation omitted). The SAC is devoid of any factual allegations regarding the work that plaintiff performed as a "helper" working on "various projects" that would allow the court to infer what plaintiff's work requirements might have been or how defendant's imposition of such requirements might have prevented plaintiff from taking his second meal break.

In addition, although plaintiff alleges that defendant's understaffing led to plaintiff skipping second meal breaks because there was no one to relieve plaintiff of his post, that is an insufficient allegation because it does not allege that plaintiff skipped the second meal break *because of* an impediment created by defendant or discouragement by defendant as opposed to due to plaintiff's own decision. *See Avina v. Marriott Vacations Worldwide Corp.*, No. 18-cv-

---

[5] The court notes that in plaintiff's opposition he purports to quote from page five of the SAC but the text quoted is not found in the SAC filed on the docket in this action. (*Compare* Doc. No. 47 at 11 *with* Doc. No. 44-1 at ¶ 18.) Because those different allegations are not stated in the SAC the court may not consider them in ruling on defendant's motion to dismiss. *See Butler v. Los Angeles Cnty.*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008) ("On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence.").

00685-JVS-JPR, 2018 WL 6844713, at *4 (C.D. Cal. Oct. 15, 2018) (concluding that "*why* a break was not taken or complete *is* the central inquiry on such claims" and thus plaintiff was required to allege additional facts that the breaks "were in essence impermissibly denied rather than skipped by choice because [plaintiff] felt rushed"); *Dawson v. Hitco Carbon Composites, Inc*, No. 16-cv-07337-PSG-FFM, 2017 WL 7806358, at *2 (C.D. Cal. May 5, 2017) (finding that meal and rest break claims lacked sufficient factual allegations where plaintiff and putative class members were allegedly required "to perform work duties including . . . responding to business related inquiries and instructions and meeting time-sensitive company deadlines" because the complaint did not "allege that Defendant ordered these job duties to be performed even if it meant missing breaks, or that the duties had to be completed before a break could be taken, or that duties were assigned as Plaintiff prepared to take a break"). As mentioned above, due to the paucity of factual allegations regarding plaintiff's actual job, the court also cannot infer the significance of the allegation that plaintiff missed meal breaks because he was waiting to be relieved from his post. One could surmise, for example, that in a retail position, it might not be possible to leave a cash register post with a line of customers waiting unless one was relieved by another employee. Here, however, the SAC does not contain any factual allegations explaining the "work requirements" or the nature of plaintiff's "post." Accordingly, there is no basis to draw such an inference here, nor does plaintiff allege directly that defendant instructed him not leave his post unless he was relieved. *Cf. Dawson*, 2017 WL 7806358, at *2. Finally, plaintiff's allegation that he "did not *receive* a compliant second meal break" during a specific workweek also remains insufficient because it cannot be inferred that the compliant second meal break was not received due to plaintiff's own volition or by defendant's discouragement or creation of an impediment. (*See* Doc. No. 44-1 at ¶ 18) (emphasis added); *see also Brinker*, 53 Cal. 4th at 1040–41 ("[T]he employer is not obligated to police meal breaks and ensure no work thereafter is performed.").

District courts have routinely dismissed meal break claims involving similarly deficient allegations, which fail to indicate the employer's alleged role in discouraging or impeding the taking of a meal break by an employee beyond the vague generalities alleged here, such as "understaffing" or "work requirements." *See, e.g.*, *Gonzalez v. Fallanghina, LLC*, No. 16-cv-

01832-MEJ, 2016 WL 3951655, at *6 (N.D. Cal. July 22, 2016) (dismissing a meal break claim where plaintiff pointed to a specific pay period in which he was denied a meal break but did not "explain the factual circumstances surrounding th[e] alleged denial" such as "how . . . [it] occurred"); *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 805–06 (E.D. Cal. 2017) (dismissing a meal break claim where plaintiff alleged "that he felt 'pressured' by Defendants assigning 'too much work'" to take a meal break as "too vague and conclusory"); *Bush v. Vaco Tech. Servs.*, LLC, No. 17-cv-05605-BLF, 2018 WL 2047807, at *7 (N.D. Cal. May 2, 2018) (finding allegations that putative class members missed meal breaks due to defendant "chronically understaffing each work shift" and "imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time" required, but lacked, additional factual support in the complaint).

Accordingly, the court will dismiss plaintiff's third cause of action for failure to provide or make available second meal breaks. Plaintiff will be granted leave to file a third amended complaint as to his meal break claim. The court observes that plaintiff likely can cure the noted deficiency by amendment. If, for example, the unspecified "work requirements" are productivity or quota requirements and additional factual allegations are added that address the deficiencies identified above, then plaintiff will have stated a plausible meal break claim. *See, e.g.*, *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 108 (9th Cir. 2021)[6] (finding allegations that defendant's understaffing combined with employer imposed "productivity requirements" that "caused employees to 'work through their meal [and rest] periods in order to complete their assignments on time'" were sufficient to state a meal and rest break claim).

**B.    Whether Plaintiff Sufficiently Alleged His Itemized Wage Statement Claim**

In plaintiff's fourth cause of action, he alleges that defendant failed to provide accurate itemized wage statements. (Doc. No. 41-1 at 19.) Defendant moves to dismiss this fourth cause of action arguing that plaintiff has failed to allege sufficient facts to support an essential element of an itemized wage statement claim and to identify a single factual exemplar of an inaccurate

---

[6] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1    wage statement actually received by plaintiff.  (Doc. No. 46 at 19.)

2    California Labor Code § 226 requires employers to provide itemized wage statements to
3    employees containing certain information specified in the statute.  *See* Cal. Lab. Code § 226(a).
4    An employee who has suffered injury as a result of his or her employer's "knowing and
5    intentional" failure to comply with § 226(a) may recover the greater of all actual damages or
6    certain statutory penalties.  Cal. Lab. Code § 226(e)(1).  "[T]o satisfy the 'knowing and
7    intentional' requirement [of a wage statement claim], a plaintiff 'need only plead that defendants
8    knew of the facts underlying the alleged violation, and need not plead that defendants had
9    knowledge that their alleged actions were unlawful.'"  *Boone v. Amazon.com Servs., LLC*, 562 F.
10   Supp. 3d 1103, 1125 (E.D. Cal. 2022) (quoting *Perez v. Performance Food Grp., Inc.*, No. 15-cv-
11   02390-HSG, 2016 WL 1161508, at *4 (N.D. Cal. Mar. 23, 2016)).

12   Here, plaintiff alleges that defendant "knowingly and intentionally fail[ed] to provide
13   timely, accurate itemized wage statements to" plaintiff.  (Doc. No. 44-1 at ¶ 80.)  Although
14   defendant contends that this is a legal conclusion lacking sufficient factual allegation to support it,
15   "[i]n general, courts have found this type of allegation to be sufficient."  *Boone*, 562 F. Supp. 3d
16   at 1125 (collecting cases); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 903 (9th Cir.
17   2013) ("At the pleading stage, a plaintiff need not allege willfulness with specificity.") (citing
18   Fed. R. Civ. P. 9(b)); *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 813 (N.D. Cal. 2015)
19   ("[Plaintiff's] general allegation that [defendant's] noncompliance with the Labor Code was both
20   'intentional[] and willful[]' suffices to plead that [defendant's] violation was knowing and
21   intentional.") (citing *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1142 (E.D. Cal.
22   2012)); *Colopy v. Uber Techs. Inc.*, No. 19-cv-06462-EMC, 2019 WL 6841218, at *9 (N.D. Cal.
23   Dec. 16, 2019) ("Whether a violation was 'knowing and intentional' is a question of fact. . . .  A
24   simple allegation that an employer's failure to provide accurate wage statements was 'knowing
25   and intentional' suffices to state a claim under section 226.").

26   In any event, plaintiff alleges that defendant knew of the underlying violation that resulted
27   in off-the-clock work that went unrecorded on plaintiff's wage statement—i.e., defendant
28   conducting COVID-19 screening but not recording and compensating the time spent undergoing

1   those procedures. (Doc. No. 44-1 at ¶ 21); *Boone*, 562 F. Supp. 3d at 1125. When allegations of
2   the underlying violation are combined with the allegation that defendant "knowingly and
3   intentionally" provided inaccurate wage statements, the combination "is sufficient to create a
4   reasonable inference that the alleged wage statement violations resulted from knowing and
5   intentional conduct." *Hansber v. Ulta Beauty Cosms., LLC*, No. 1:21-cv-00022-AWI-JLT, 2021
6   WL 4553649, at *7 (E.D. Cal. Oct. 5, 2021) (denying a motion to dismiss where the collection of
7   claims which served as the predicate to plaintiff's itemized wage statement claim were
8   sufficiently alleged and plaintiff also alleged that defendant's violation was "knowing and
9   intentional"). Finally, defendant contends that plaintiff does not allege a specific pay period
10  when he received an inaccurate wage statement. However, it appears to the court that defendant
11  is incorrect in this regard. (*See* Doc. No. 44-1 at ¶ 21) (alleging a specific wage statement that
12  plaintiff received and which allegedly failed to include the unrecorded and uncompensated time
13  from time spent undergoing COVID-19 screening protocols).[7]

14       Accordingly, defendant's motion to dismiss plaintiff's fourth cause of action will be
15  denied to the extent it is based on defendant's failure to include time worked while undergoing
16  COVID-19 screening procedures. However, to the extent plaintiff's fourth cause of action is
17  based on defendant's failure to include premium pay for missed meal breaks, plaintiff has not
18  adequately stated a claim for inaccurate wage statements on that basis solely due to the dismissal
19  of plaintiff's third cause of action with leave to amend as discussed above. Were plaintiff to
20  remedy his deficient meal break claim, then his itemized wage statement claim predicated on
21  defendant's failure to include premium pay for missed meal breaks would be remedied as well.
22  *See Johnson v. Q.E.D. Env't Sys. Inc.*, No. 16-cv-01454-WHO, 2016 WL 4658963, at *4 n.1
23  (N.D. Cal. Sept. 7, 2016) (finding that the plaintiff who sufficiently alleged claims for missed

---

[7] The court acknowledges that plaintiff's specific wage statement exemplar contains a typographical error by alleging that "Plaintiff's wage statement for the time period beginning December 19, 2020, and ending January 1, **2022**." (Doc. No. 44-1 at ¶ 21) (emphasis added). Plaintiff's opposition brief suggests that the correct ending date for that time period is January 1, 2021. (Doc. No. 47 at 17.) Because the court will be granting plaintiff leave to file a third amended complaint, plaintiff is directed to correct this typographical error in the anticipated third amended complaint.

meal and rest breaks and failure to pay overtime also sufficiently stated a claim for failure to provide accurate wage statements because it was derivative of plaintiff's meal and rest break and overtime claims). For this reason, should plaintiff adequately allege his meal break claim, his wage statement claim predicated on the alleged failure to include premium pay for missed meal breaks will be automatically reinstated.

**C.     Whether Plaintiff Sufficiently Alleged His Waiting Time Penalties Claim**

Plaintiffs' fifth cause of action is for failure to pay all wages due upon separation from employment in violation of California Labor Code §§ 201, 202, and 203. (Doc. No. 44-1 at 23.) Defendant moves to dismiss this fifth cause of action due to plaintiff's failure to allege sufficient facts to support an essential element of his waiting time penalties claim. (Doc. No. 46 at 21.)

California law requires wages to be paid in a timely manner upon an employee's voluntary or involuntary separation. *See* Cal. Lab. Code §§ 201, 202, and 203. "If an employer 'willfully fails to pay' in accordance with Sections 201 or 202, the employer is subject to statutory penalties; known as 'waiting time' penalties." *Dawson*, 2017 WL 7806358, at *4 (citing Cal. Lab. Code § 203(a)). "Under Labor Code section 203, a 'willful failure to pay wages . . . occurs when an employer intentionally fails to pay wages to an employee when those wages are due.'" *Diaz v. Grill Concepts Services, Inc.*, 23 Cal. App. 5th 859, 868 (2018) (quoting Cal. Code Regs. tit.8, § 13520). The failure to pay is willful if the employer knows what it is doing and intends to do what it is doing; state law does not also require proof that the employer acted with a deliberate evil purpose to defraud workers of wages it knows are due. *Id.*

In defendant's pending motion, it argues that plaintiff has failed to allege facts that defendant willfully failed to pay all wages due upon termination. (Doc. No. 46 at 21.) In addition, defendant contends that plaintiff must allege exactly what wages were earned by and not paid to plaintiff, as well as a calculation of waiting time penalties allegedly owed to him. (Doc. No. 46 at 21.) In opposition, plaintiff argues that "willful" in this context merely means an employer has intentionally failed or refused to perform an act which it was required to perform, and by stating allegations of plaintiff's off-the-clock work he has adequately pled a willful violation of California's waiting time penalties. (Doc. No. 47 at 21.)

11

In the SAC, plaintiff alleges that he "was terminated from employment with Defendant on July 12, 2021" but that defendant failed to provide him with full payment of all wages owed including "minimum wage and overtime compensation for work performed 'off-the-clock' along with premium pay for missed and/or non-complaint second meal periods." (Doc. No. 44-1 at ¶ 22.) As such, plaintiff's waiting time penalties claim relies on the same predicate California Labor Code violations—failure to pay regular and overtime wages and failure to provide premium pay for missed meal periods—as his itemized wage statement claim. (*Id.* at ¶¶ 21–22.) Plaintiff further alleges that defendant's failure to pay all wages due upon termination was "willful." (*Id.* at ¶ 23.) As an initial matter, for the same reasons articulated above with respect to plaintiff's wage statement claim, the court does not find defendant's argument that plaintiff's allegations regarding the "knowing and willful" elements are conclusory to be persuasive. *See Boone*, 562 F. Supp. 3d at 1126 (denying a motion to dismiss a waiting time penalties claim that was based upon the argument that a conclusory allegation that the violation occurred "willfully" was insufficient to state a claim); *Hansber*, 2021 WL 4553649, at *11 (finding that the plaintiff had adequately stated a waiting time penalties claim where he "both specifically alleged that [defendant's] statutory violations were willful and based their claim on the same allegations of the underlying claims"); *Mie Yang v. Francesca's Collections, Inc.*, No. 17-cv-04950-HSG, 2018 WL 984637, at *6 (N.D. Cal. Feb. 20, 2018) (finding allegation of plaintiff's termination date combined with the allegation that "Defendant's failure to pay wages . . . was willful in that Defendant knew of and refused to pay Plaintiff's wages, and continues to refuse payment" to be sufficient at the pleadings stage) (citing *Rivera*, 735 F.3d at 903).

Defendant argues that plaintiff must allege details regarding "what wages were earned by and not paid to Plaintiff (or any [putative class members]), and/or any calculation of waiting time penalties allegedly owed to him" in order to sufficiently allege a claim for failure to pay all wages due upon termination. (*See, e.g.*, Doc. Nos. 46 at 21 & n.5; 48 at 16) (citing *Derik Duley v. Centerra Grp., LLC*, No. 2:19-cv-08754-AB-JC, 2020 WL 6526369, at *4 (C.D. Cal. Mar. 18, 2020) ("Plaintiff must allege when his employment with Defendant ended, [and] exactly what wages were earned and unpaid.") (internal quotations and citation omitted)). However, the court

finds defendant's position in this regard to be inconsistent with the *Landers* pleading standard, under which plausibility as to wage-and-hour violations is "context-specific" and does not require "mathematical precision." *Landers*, 771 F.3d at 645–46. Here, plaintiff satisfies the *Landers* standard because in the SAC he alleges: what wages are allegedly due (wages for time spent off-the-clock undergoing COVID-19 screening procedures); when the off-the-clock work began (March 2020); when he was terminated (July 12, 2021); the approximate amount of time worked off-the-clock for each day worked (at least one minute); the number of shifts plaintiff worked on average (five to six days per week); and that the wages from this off-the-clock work were not paid when plaintiff was terminated from his employment. (Doc. No. 44-1 at ¶¶ 22, 88–90.) Upon a close inspection of the district court's decision in *Duley* and the other district court cases on which it relies, the court finds that plaintiff's allegations in his SAC are sufficient under those decisions as well. *See Tukay v. United Cont'l Holdings, Inc.*, No. 14-cv-04343-JST, 2014 WL 7275310, at *6 (N.D. Cal. Dec. 22, 2014) (denying a motion to dismiss a § 203 claim where the plaintiff alleged that defendant failed to "pay immediately plaintiff for his wages, for his medical treatment, and for his vacation and sick leave from December 3, 2012 to March 31, 2013 . . . when plaintiff received his final separation letter from defendant"); *Bernstein v. Vocus, Inc.*, No. 14-cv-01561-TEH, 2014 WL 3673307, at *5 (N.D. Cal. July 23, 2014) (denying a motion to dismiss a § 203 claim where the plaintiff alleged that "Defendants, *and each of them,* have willfully failed to promptly pay all wages to Plaintiff"); *see also Duley*, 2020 WL 6526369, at *4 (C.D. Cal. Mar. 18, 2020) (granting a motion to dismiss where the plaintiff had failed to allege when his employment ended or identify what wages were earned but unpaid); *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-cv-1300-LJO-JLT, 2016 WL 6494296, at *8 (E.D. Cal. Nov. 2, 2016) (same).

Accordingly, defendant's motion to dismiss plaintiff's fifth cause of action will be denied to the extent it is based on defendant's failure to include time worked undergoing COVID-19 screening protocols. However, to the extent plaintiff's fifth cause of action is based on defendant's failure to pay all premium pay due for missed meal breaks, plaintiff has not stated a claim for waiting time penalties solely due to the dismissal of plaintiff's third cause of action

1  above.  Were plaintiff to remedy his deficient meal break claim, then his waiting time penalties

2  claim would be remedied as well.  *See Johnson*, 2016 WL 4658963, at *4 (finding plaintiff who

3  sufficient alleged claims for missed meal and rest breaks and unpaid wages also sufficiently

4  stated a claim for failure to pay all final wage because plaintiff's claim relied on the same

5  underlying violations causing the lack of payment of all final wages).  For this reason, should

6  plaintiff adequately allege this meal break claim, his waiting time penalties claim predicated on

7  not receiving premium pay for miss meal breaks will be automatically reinstated.

8  **D.      Whether Plaintiff Sufficiently Alleged His UCL Claim**

9  Plaintiffs' sixth cause of action asserts a violation of California's UCL.  (Doc. No. 44-1 at

10  25.)  Defendant seeks to dismiss this claim because:  (1) to the extent plaintiff's UCL claim is

11  based on his deficient claim for second meal period violations, plaintiff's derivative UCL claim

12  also fails to that extent; and (2) plaintiff's UCL claim is improperly predicated on payments

13  allegedly owed to plaintiff under California Labor Code §§ 203 and 226 because such payments

14  are not recoverable as restitution.  (Doc. No. 46 at 23.)

15  California's UCL prohibits "any unlawful, unfair, or fraudulent business act or practice."

16  Cal. Bus. & Prof. Code § 17200.  The UCL "'borrows' violations from other laws by making

17  them independently actionable as unfair competitive practices."  *Korea Supply Co. v. Lockheed*

18  *Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).  However, "although the scope of conduct covered

19  by the UCL is broad, its remedies are limited."  *Id.* at 1144.  "In a private unfair competition law

20  action, the remedies are 'generally limited to injunctive relief and restitution.'"  *Clark v. Superior*

21  *Ct.*, 50 Cal. 4th 605, 610 (2010) (citation omitted).

22  Having found that plaintiff's third cause of action for failure to provide meal breaks was

23  not sufficiently alleged, defendant's motion to dismiss plaintiff's UCL claim to the extent it is

24  based upon that particular violation of the California Labor Code is granted.  *See Dawson v.*

25  *HITCO Carbon Composites, Inc.*, No. 16-cv-07337-PSG-FFM, 2017 WL 7806618, at *8 (C.D.

26  Cal. Jan. 20, 2017) ("Where a plaintiff cannot state a claim under the 'borrowed' law, he cannot

27  state a UCL claim either.").

28  /////

Moreover, plaintiff does not oppose defendant's motion to dismiss plaintiff's UCL claim as improperly predicated on violations of California Labor Code §§ 203 and 226 and the motion to dismiss on that basis will also be granted. (Doc. No. 47 at 23) ("[U]pon review of Defendant's cited case law, plaintiff agrees with Defendant."); *see also Campbell v. PricewaterhouseCoopers*, No. 06-cv-002376-LKK-GGH, 2008 WL 3836972, at *6 (E.D. Cal. Aug. 14, 2008) (finding that California Labor Code §§ 203 and 226 are not cognizable predicate violations for a UCL claim because the remedies afforded by those provisions "are penalties, not restitution"); *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 334 F.R.D. 234, 267–68 (E.D. Cal. 2019) ("[A]vailable penalties and damages under Labor Code § 226 for wage statement violations are not restitutionary and, therefore, not recoverable under the UCL.") (collecting cases); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1402 (2010) ("We thus hold [California Labor Code] section 203 penalties cannot be recovered as restitution under the UCL.").

**CONCLUSION**

For all of the reasons set forth above:

1. The court grants in part and denies in part defendant's motion to dismiss (Doc. No. 46) as follows:

   a. The court grants defendant's motion to dismiss plaintiffs' third cause action for failure to provide second meal breaks, with leave to amend;

   b. The court grants defendant's motion to dismiss plaintiff's fourth and fifth causes of action to the extent they are predicated on plaintiff's third cause of action, with leave to amend;

   c. The court grants defendant's motion to dismiss plaintiff's sixth cause of action to the extent it is based on plaintiff's third cause of action, with leave to amend;

   d. The court grants defendant's motion to dismiss plaintiff's sixth cause of action to the extent it is based on California Labor Code §§ 203 and 226, without leave to amend; and

   e. Defendant's motion to dismiss is otherwise denied;

2. Plaintiff shall file a third amended complaint, or a notice of an intent to proceed on the remaining claims as alleged in the SAC, within twenty-one (21) days from the issuance of this order.

IT IS SO ORDERED.

Dated:  **March 15, 2023**

_____
UNITED STATES DISTRICT JUDGE